UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ARLIN A. PACHECO PADILLA,

                Petitioner,           Case No. 1:26-cv-1147

v.                                Honorable Robert J. Jonker

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20–21.)

In an order entered on April 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 16, 2026, (ECF No. 4), and Petitioner filed his reply on April 21, 2026, (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Honduras. (De Leon Decl. ¶ 4, ECF No. 4-3, PageID.43.) Petitioner entered the United States in December 2015 without inspection, and after Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner. (*Id.* ¶ 5.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (*Id.* ¶ 6, PageID.43–44.) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (*Id.* ¶ 7, PageID.44.) "The NTA was filed with the Baltimore Immigration Court," and "[a] master calendar hearing was scheduled for August 10, 2016." (*Id.*)

"On August 10, 2016, the Immigration Judge ordered [Petitioner] removed to Honduras *in absentia*." (*Id.* ¶ 8.) Petitioner did not appeal the order of removal. (*See* Case Information, ECF No. 4-2.) On October 13, 2016, a warrant of removal/deportation was entered based upon Petitioner's final order of removal. (Form I-205, ECF No. 4-8.)

Subsequently, on December 23, 2022, Petitioner filed an asylum application with the United States Citizenship and Immigration Services (USCIS), and on August 20, 2025, Petitioner filed an application for advance permission to enter as a nonimmigrant with USCIS. (*Id.* ¶¶ 9, 10.) On April 1, 2026, ICE arrested Petitioner. (2026 Form I-213, ECF No. 4-7, PageID.60.) ICE "does not have a firm removal date." (De Leon Decl. ¶ 16, ECF No. 4-3, PageID.45.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Petitioner has a final order of removal, and therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 4, PageID.29.) Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (*See generally* Pet., ECF No. 1.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001). (Resp., ECF No. 4, PageID.29–31.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).  In *Zadvydas*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for some period of time, so long as the detention is reasonably necessary to ensure the alien's successful removal. 533 U.S. at 699. Because the Court recognized the difficulty of determining whether continued detention after the removal period is reasonable, it designated six months as a "presumptively reasonable period" of time for the Government to continue to detain the alien. *See id.* at 701. Following that six-month period, "once [a noncitizen] provides good

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1]

Here, Petitioner is still within the six-month window following the removal period.  Under *Zadvydas,* detention during this period is presumptively reasonable. Therefore, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

### <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 22, 2026                          /s/ Robert J. Jonker
                                                              Robert J. Jonker
                                                              United States District Judge

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

[2] "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing *Zadvydas*, 533 U.S. at 699–701). That is, during the six-month period, "[t]he presumption of reasonableness is the default, but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption," which means that "before the six-month period elapses, the government bears no burden to justify detention, and the petitioner must claim and *prove*[] that his removal is not reasonably foreseeable." *Id.* at 397 (citations omitted). Based on the information currently before the Court, Petitioner has not met this burden.